### IN RE: REGIONS BANK ATM FEE NOTICE LITIGATION.

#### MDL No. 2202.

United States Judicial Panel on Multidistrict Litigation.

Feb. 3, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

#### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**\* Common defendant Regions Bank moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of actions listed on Schedule A in the Northern District of Mississippi. The defendant seeks centralization of three actions pending, respectively, in the Northern District of Mississippi,

the Southern District of Mississippi, and the Western District of Tennessee. Plaintiffs in all three actions oppose the motion.

This motion presents a close call. The motion encompasses only three actions; however, these three putative class actions involve common factual questions arising from the operation of certain Regions Bank automated teller machines (ATMs). Plaintiffs in all actions allege that Regions Bank (1) imposed fees on some users who withdrew cash from certain of its ATMs; (2) failed to post physical notices on the ATMs that users might incur fees from doing so; and (3) thus violated the fee-notice requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (EFTA). Given the virtually identical nature of the actions, centralization will be more convenient for the defendant and will conserve judicial resources. Plaintiffs, who are all represented by the same counsel will not be inconvenienced.

Discovery concerning the bank's ATM operations will likely be the same across all three actions, as will briefing on dispositive motions. Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification. *See, e.g., In re Bank of America ATM Fee Litig.,* 398 F.Supp.2d 1367, 1368 (U.S.Jud.Pan.Mult.Lit.2005) (centralizing three EFTA actions pending in three districts on the grounds that the actions shared factual questions regarding whether the defendant bank failed to disclose properly that fees would be charged to certain users of the bank's ATMs). Consequently, we are persuaded that centralization under Section 1407 will promote the just and efficient conduct of this litigation.

---

\* Judge Kathryn H. Vratil took no part in the decision of this matter.

Any of the three districts in which an action is pending would be an appropriate transferee forum for this litigation. One action is pending in each district, and no action is well progressed. After considering all factors, the Panel has decided to order centralization in the Southern District of Mississippi. Selecting this district permits the Panel to effect centralization before an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload relatively favorable to accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Mississippi are transferred to the Southern District of Mississippi and, with the consent of that court, assigned to the Honorable Keith Starrett for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

**MDL No. 2202 — IN RE: REGIONS BANK ATM FEE NOTICE LITIGATION**

*Northern District of Mississippi*

Jason Reeves v. Regions Bank, C.A. No. 2:10–00142

*Southern District of Mississippi*

Debra Miller v. Regions Bank, C.A. No. 5:10–00140

*Western District of Tennessee*

Suzette Hogan, et al. v. Regions Bank, C.A. No. 2:10–02607.

---

* Judge Kathryn H. Vratil took no part in the decision of this matter.